```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X        10 cv 6253
EDWARD BAILEY,                                                   Judge Baer
                                    Plaintiff,                   **COMPLAINT**

        -against-

NEW YORK CITY,
VANESSA MATEO, HOUSING POLICE
SGT. RALSTON McCOY, HOUSING POLICE
and UNIDENTIFIED NEW YORK CITY POLICE OFFICERS.

                                                          **JURY TRIAL DEMANDED**

                          Defendant(s).
--------------------------------------------------------X
```

The plaintiff, complaining of the defendants, by his attorney, FRED LICHTMACHER, ESQ., respectfully shows to this Court and alleges:

## JURISDICTION

1       Jurisdiction is founded upon the existence of a Federal Question.

2       This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. § 1983.

3       Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343(3 & 4).

4       Venue is appropriate pursuant to 28 U.S.C. §§ 1391 (b) (1).

5       This Court has jurisdiction to hear plaintiff's state claims pursuant to 28 U.S.C. § 1367.

## PARTIES

6       The plaintiff, EDWARD BAILEY, is an adult, male, resident of New York County in the City and State of New York.

7       Upon information and belief, at all times hereinafter' mentioned, the defendant, NYC, its agents, servants and employees operated, maintained and controlled the NEW YORK CITY POLICE DEPARTMENT (NYPD), including all the police officers thereof.

8       Upon information and belief, at all times hereinafter mentioned, the defendant, CITY OF

NEW YORK, (NYC) was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and at all times relevant defendants POLICE OFFICER VANESSA MATEO, SGT. RALSTON McCOY and UNIDENTIFIED NEW YORK CITY POLICE OFFICERS were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment.

9      The NYPD, is a local governmental agency, duly formed and operating under and by virtue of the Laws and Constitution of the State of New York and the commissioner of the NYPD is responsible for the policies, practices and customs of the NYPD as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees and is the final decision maker for that agency.

10     This action arises under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, § 1983.

11     Each and all of the acts of the defendants alleged herein were done by the defendants, acting as state actors acting under the color of law.

## STATEMENT OF FACTS

12     On March 15, 2009, plaintiff was doing repairs on his automobile parked in front of his apartment at 310 East 115th Street, New York, New York.

13     Plaintiff went into his building to take medication for a chronic heart condition.

14     As he got off the elevator to go to his apartment he was approached by two of the defendant officers.

15     The defendant officers VANESSA MATEO and one UNIDENTIFIED POLICE OFFICER, were conducting a "Vertical Search" i.e., walking through an apartment building, stopping people in the building and asking for identification whether or not they had a reasonable suspicion a crime had been committed.

16     Plaintiff's building did not have signs posted indicating that it was part of the "Clean Halls"

program in which the NYPD is invited in by the landlord to do "Vertical Searches."

17  Plaintiff was stopped in the hallway and the defendants demanded his identification.

18  Plaintiff explained that his wallet, with his ID inside, was in his car parked in front of his building.

19  Inexplicably one of the defendant officers pushed plaintiff against the wall and handcuffed him, while telling him "I don't look in cars" and he was arrested apparently due to his not having identification, which is not a crime.

20  Plaintiff's neighbors and other members of the NYPD identified plaintiff to the arresting officers, however they refused to release him, despite the fact that he had not committed a crime.

21  While walking out of the building plaintiff's neighbors were telling the defendant officers that plaintiff lives in the building but the arresting officer said she was going to arrest him since he had disrespected her.

22  Bailey was arrested and falsely charged with Obstructing Government Administration, Resisting Arrest, and Disorderly Conduct.

23  Bailey was driven around in a police van for several hours while the officers made several stops.

24  Bailey was brought to a police precinct and subsequently to central booking.

25  Bailey was brought to court and he was arraigned on the false charges brought solely by the defendants.

26  Bailey refused to take a plea and appeared in court 12 times before the false charges were dismissed and sealed on March 23, 2010.

27  Due to the false arrest, eviction proceedings were commenced against the plaintiff which he continues to fight to the current date.

28  The false arrest and its aftermath exacerbated plaintiff's heart condition and he is now medicated for depression as well.

29  Due to the arrest, the eviction proceeding and to his ensuing medical problems, plaintiff

was not able to file a timely notice of claim.

30     Plaintiff is in the process of filing a Petition in New York County Supreme Court for permission to file a late Notice of Claim.

**AS AND FOR A FIRST CAUSE OF ACTION
ON BEHALF OF PLAINTIFF
VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
42 U.S.C. § 1983 AND THE FOURTH AMENDMENT VIA
FALSE ARREST**

31     Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

32     The plaintiff's rights have been violated pursuant to the Fourth Amendment of the United States Constitution, made applicable to the states via the Fourteenth Amendment, pursuant to 42 U.S.C. § 1983, in that plaintiff was subjected to being falsely arrested by the defendants.

33     The defendants confined the plaintiff, he was not free to leave, defendants intended to confine plaintiff, plaintiff was conscious of his confinement, plaintiff did not consent to his confinement and his confinement was not otherwise privileged.

34     As a direct result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments of the United States Constitution, being more particularly, his right to be free from arrest without probable cause.

35     Among other invasions of his privacy, offenses to his dignity and violations of his rights, plaintiff was subjected to being handcuffed, searched, confined, insulted, humiliated and prevented from conducting his affairs of business.

36     The said false arrest was caused by the defendants, without any legal justification, without authority of the law and without any reasonable cause or belief that the plaintiff was in fact guilty of crimes.

37     The various defendants who knew of the false arrest and allowed the illegal detention of the plaintiff to commence and/or continue, including but not limited to defendant SGT. RALSTON

McCOY, are liable to the plaintiff via their failure to act pursuant to their affirmative duty to intervene.

38    By reason of the unlawful false arrest, the plaintiff was subjected to emotional harms resulting in his being medicated, his chronic heart condition was exacerbated, eviction proceedings were commenced against him, he was forced to appear in court, he was prevented from conducting his affairs and he was otherwise harmed.

39    That by reason of the aforesaid, plaintiff has been damaged in a sum not to exceed TWO HUNDRED THOUSAND ($200,000.00) DOLLARS, he is entitled to an award of punitive damages and attorneys' fees are appropriate pursuant to 42 U.S.C. § 1988.

**AS AND FOR A SECOND CAUSE OF ACTION
ON BEHALF OF PLAINTIFF
VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
42 U.S.C. § 1983 AND THE FOURTH AMENDMENT VIA
MALICIOUS PROSECUTION**

40    Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

41    The plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution pursuant to 42 U.S.C.§1983, in that the plaintiff was maliciously prosecuted by the defendants.

42    The malicious prosecution of plaintiff was initiated by the defendants, their agents, servants and employees, without any legal justification and without probable cause in that the defendants caused the commencement and continuation of criminal proceedings against the plaintiff, the proceedings terminated in favor of the plaintiff via a dismissal and the action was commenced and continued intentionally and with malice and deliberate indifference to plaintiff's rights.

43    By reason of the unlawful malicious prosecution, the plaintiff was subjected to emotional harms resulting in his being medicated, his chronic heart condition was exacerbated, eviction proceedings were commenced against him, he was forced to appear in criminal court twelve times and in housing court numerous times, he was prevented from conducting his usual affairs and he

was otherwise harmed.

44      The various defendants who knew of the malicious prosecution of the plaintiff and allowed the prosecution of the plaintiff to commence and/or continue, including but not limited to defendant SGT. RALSTON McCOY, are liable to the plaintiff via their failure to act pursuant to their affirmative duty to intervene when in fact they had a reasonable opportunity to do so.

45      By reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed TWO MILLION ($2,000,000.00) DOLLARS, he is entitled to an award of punitive damages and attorneys' fees are appropriate pursuant to 42 U.S.C. § 1988.

## AS AND FOR A THIRD CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF
## VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO
## 42 U.S.C. § 1983 AND THE FOURTH
## AMENDMENT BY DEFENDANT NEW YORK CITY
## i.e., MONELL CLAIM

46      Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

47      The plaintiff's rights have been violated under the Fourth Amendment to the United States Constitution as made applicable to the states via the Fourteenth Amendment by the defendant, NYC.

48      Defendant NYC and unidentified police officers who were supervisors and final decision makers, as a matter of policy and practice, have acted with a callous, reckless and deliberate indifference to plaintiff's rights under the Constitution and laws of the United States, by implementing an unconstitutional policy known as "Clean Halls" which encourages "Vertical Searches" which in turn result in frequent arrests without probable cause.

49      The "Clean Halls" policy illegally encourages officers to conduct "Vertical Searches" whereby officers stop residents of targeted apartment buildings, demand to see their ID and in numerous instances, arrest innocent people who have the misfortune of not carrying their ID with them despite the absence of probable cause to believe they had or were about to commit a crime.

50      The "Clean Halls" and "Vertical Search" policy has led to numerous false arrests and malicious prosecutions as it did in the instant matter.

51      The Defendant NYC as well as unidentified police officers who were supervisors and final decision makers as a matter of policy and practice, have with deliberate indifference failed to properly train, discipline, sanction and retrain police officers, despite their knowledge of the recurring problem of violations of the Constitutional rights of citizens by the illegal implementation of the aforementioned policy in that officers who implement the policy, routinely generate false charges to coverup baseless stops and arrests, as was the case in the instant matter, without fear of consequences for their illegal acts which did cause the plaintiff to be subjected to deprivations of his civil rights.

52      By reason of the defendant NYC's illegal acts, the plaintiff was falsely arrested, maliciously prosecuted, subjected to emotional harms resulting in his being medicated, his chronic heart condition was exacerbated, eviction proceedings were commenced against him, he was forced to appear in criminal court twelve times and in housing court numerous times, he was prevented from conducting his usual affairs and he was otherwise harmed.

53      By reason of the aforesaid, the plaintiff been damaged in a sum not to exceed TWO MILLION ($2,000,000.00) DOLLARS, and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. § 1988.

**AS AND FOR A FOURTH CAUSE OF ACTION
ON BEHALF OF PLAINTIFF
VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO
NEW YORK STATE LAW VIA
MALICIOUS PROSECUTION**

54      Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

55      The plaintiff's rights have been violated, pursuant to the law of the State of New York via a malicious prosecution by the defendants.

56      The defendant NYC is vicariously liable to the plaintiff for the individual defendants'

common law torts via the principle of *respondeat superior*.

57    That New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

58    The said malicious prosecution was initiated by the defendants, their agents, servants and employees, without any legal justification and without probable cause in that the defendants caused the commencement and continuation of criminal proceedings against the plaintiff, the proceedings terminated in favor of the plaintiff via a dismissal and in that the action was commenced and continued intentionally and with malice and deliberate indifference to plaintiff's rights.

59    By reason of the unlawful malicious prosecution, the plaintiff was subjected to emotional harms resulting in his being medicated, his chronic heart condition was exacerbated, eviction proceedings were commenced against him, he was forced to appear in criminal court twelve times and in housing court numerous times, he was prevented from conducting his usual affairs and he was otherwise harmed.

60    By reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed TWO MILLION ($2,000,000.00) DOLLARS and he is entitled to an award of punitive damages.

### AS AND FOR A FIFTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF
### VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO
### THE COMMON LAW OF THE STATE OF NEW YORK
### VIA FALSE IMPRISONMENT

61    Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

62    The plaintiff's rights have been violated pursuant to the common law of the State of New York via False Imprisonment, in that the plaintiff was falsely imprisoned by the defendants.

63      The plaintiff was confined by defendants; defendants intended to confine the plaintiff; plaintiff was conscious of his confinement; and plaintiff did not consent to the confinement which was not otherwise privileged.

64      As a direct consequence of defendants' actions, plaintiff was deprived of his rights, privileges and immunities pursuant to the common law of the State of New York and more particularly, his right to be free from arrest without probable cause.

65      Among other invasions of his privacy, offenses to his dignity and violations of his rights, plaintiff was subjected to being handcuffed, searched, confined, and he was humiliated.

66      The false arrest was caused by the defendants without any legal justification, without authority of the law and without any reasonable cause or belief that plaintiff was in fact guilty of crimes.

67      Defendants who were aware of the false arrest and permitted the illegal detention of the plaintiff to continue, are liable to plaintiff by virtue of their failure to act pursuant to their affirmative duty to intervene.

68      By reason of the unlawful malicious false imprisonment, the plaintiff was subjected to emotional harms resulting in his being medicated, his chronic heart condition was exacerbated, eviction proceedings were commenced against him, he was forced to appear in criminal court and in housing court, he was prevented from conducting his usual affairs and he was otherwise harmed.

69      By reason of the foregoing, plaintiff has been damaged in a sum not to exceed TWO HUNDRED THOUSAND ($200,000.00) DOLLARS and he is entitled to an award of punitive damages.

**AS AND FOR A SIXTH CAUSE OF ACTION
ON BEHALF OF PLAINTIFF
VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO**

## THE COMMON LAW OF THE STATE OF NEW YORK
## VIA NEGLIGENT HIRING, RETAINING AND TRAINING

70      Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

71      The plaintiff's rights have been violated pursuant to the common law of the State of New York via the negligent hiring, retaining and training of defendants.

72      The defendant, NYC, was negligent, careless, reckless and deliberately indifferent in hiring, retaining, improperly training and supervising, as and for its employees, the defendants in the instant matter in that said defendants lacked the experience, deportment, ability and temperament to be employed by NYC, in that NYC failed to exercise due care and caution in its hiring practices, and in particular, in hiring the defendant employees who lacked the mental capacity and the ability to function as employees of NYC; failing to investigate the defendants backgrounds and in that NYC hired and retained as employees of the department  individuals who were unqualified and lacked the maturity, sensibility and intelligence to be employed when hired to be employees.

73      The defendant, NYC failed to train its employees in the necessity of the existence of probable cause in order to make arrests, in failing to teach the defendants that failure to produce ID does not constitute probable cause, in failing to teach the defendants not to abuse their office as members of the NYPD generally, in failing to teach the defendants how to control their tempers and exercise the proper deportment and temperament and how to otherwise act as reasonably prudent police officers and, in that the defendant NYC, its agents, servants and employees were otherwise reckless, careless, deliberately indifferent and negligent.

74      The aforesaid occurrences and resulting damages to plaintiff were caused wholly and solely by reason of the negligence of the defendant NYC, its agents, servants and employees without any negligence on the part of the plaintiff.

75	By reason of the defendant NYC's illegal acts, the plaintiff was falsely arrested, maliciously prosecuted, subjected to emotional harms resulting in his being medicated, his chronic heart condition was exacerbated, eviction proceedings were commenced against him, he was forced to appear in criminal court twelve times and in housing court numerous times, he was prevented from conducting his usual affairs and he was otherwise harmed.

76	By reason of the aforesaid, the plaintiff been damaged in a sum not to exceed TWO MILLION ($2,000,000.00) DOLLARS.

**WHEREFORE**, plaintiff demands judgment against the defendants in a sum not to exceed TWO HUNDRED THOUSAND ($200,000.00) DOLLARS, punitive damages and attorneys' fees pursuant to 42 U.S.C. §1988 on the First Cause of Action; TWO MILLION ($2,000,000.00) DOLLARS punitive damages and attorneys' fees pursuant to 42 U.S.C. §1988 on the Second Cause of Action; TWO MILLION ($2,000,000.00) DOLLARS, and an award of attorneys' fees pursuant to 42 U.S.C. § 1988 on the Third Cause of Action;  and in a sum not to exceed TWO MILLION  ($2,000,000.00) DOLLARS and punitive damages on the Fourth Cause of Action;  TWO HUNDRED THOUSAND ($200,000.00) DOLLARS and an award of punitive damages on the Fifth Cause of Action and TWO MILLION ($2,000,000.00) DOLLARS on the Sixth Cause of Action together with costs and disbursements of this action; a trial by jury of all issues involved in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances.

Dated: August 19, 2010
	New York, New York

					  / s /
					FRED LICHTMACHER (FL-5341)
					Attorney for Plaintiff
					The Empire State Building
					350 5th Avenue Suite 7116
					New York, New York 10118
					(212) 922-9066

To:    Michael Cardozo
        Corporation Counsel City of New York
        100 Church Street
        New York, New York 10007