UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------- X

JESSICA D. TANNIEHILL,

              **Plaintiff,**

    **- against -**

NEW YORK STATE NURSES
ASSOCIATION PENSION PLAN,

        **Defendant.**

------------------------------------------------- X

**MEMORANDUM OPINION
AND ORDER**

**10 Civ. 6266 (SAS)**



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/21/10

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

**I.    INTRODUCTION**

        Until the time of his death in 2008, Curtis Tanniehill (the "Decedent")

was a participant in a defined benefits pension plan (the "Plan") administered by

the defendant, New York State Nurses Association Pension Plan.  Pro se plaintiff

Jessica Tanniehill, in her capacity as administrator of Decedent's estate and as his

closest surviving relative, brings this action pursuant to the Employee Retirement

Income Security Act ("ERISA") to recover his vested benefits in the Plan and,

alternatively, any documentation pertaining to his participation in the Plan.[1]

---

      [1]     *See* 29 U.S.C. §1001 *et seq. See also* Complaint ("Compl.") ¶¶ 1, 3
("I am asking the Court for any and all copies of Mr. Tanniehill's Plan . . . from the
day he started [until his passing in 2008, including] earnings under the Pension

Defendant asserts that no benefit is payable under the Plan terms because the Decedent failed to designate a beneficiary, and now moves under Rules 12(b)(6) and 56 of the Federal Rules of Civil Procedure for dismissal of plaintiff's claim or summary judgment, respectively.[2]  For the reasons set forth below, defendant's motion is granted in its entirety.

## II.    BACKGROUND[3]

### A.    The Plan

The Plan is funded through the monetary contributions of participating employers.[4]  Plan Trustees are tasked with determining the eligibility

---

Plan . . . [and all] documents, guidelines and other materials given to Mr. Tanniehill."). *Id.* ¶ 1.

[2]    *See* Fed. R. Civ. P. 12(b)(6) (allowing dismissal for the "failure to state a claim upon which relief may be granted"); Fed. R. Civ. P. 56 (allowing summary judgment where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law").

[3]    All facts are drawn from defendant's unopposed Statement of Undisputed Facts pursuant to Local Civil Rule 56.1 ("56.1 Statement").  Because even a "liberal construction" of the record fails to present any admissible evidence that would controvert the factual assertions therein, I consider them admitted. *Baldwin County Welcome Ctr v. Brown*, 466 U.S. 147, 164 (1984) ("[P]ro se pleadings are to be given a liberal construction.").

[4]    *See* Excerpt of Summary Plan Description ("SPD"), Ex. A to 8/26/10 Declaration of Michael Behan, Chief Executive Officer of the New York State Nurses Association Pension Plan ("Behan Decl."), at D000009 ("Participants make no monetary contributions to the Plan of their own.  The full cost of your participation in the Plan is paid by your employer.").

2

requirements for benefits, and are vested with "full discretionary power and authority to construe the terms and provisions of the Plan."[5]  In addition to pension benefits payable upon retirement, the Plan provides for a preretirement death benefit known as a Preretirement Survivor Pension ("PSP") should a participant die after he is vested, but before he begins receiving pension benefit payments.[6]  If the participant is married, the benefit is automatically payable to the participant's spouse, but if the participant is unmarried, he or she is obliged to complete a Beneficiary Designation Form and send it to the Plan office.[7]  If an unmarried participant dies without having designated a beneficiary, no benefit is payable through the Plan.[8]

The PSP benefit was initially limited to married participants and could only be collected by a deceased participant's surviving spouse.[9]  When the PSP benefit was first extended to unmarried Plan participants in June 2002, the Plan issued a "detailed notice" to all participants describing the change and the

---

[5]     56.1 Statement ¶ 20.

[6]     *See* SPD at D000014.

[7]     *See id.*

[8]     *See id.*

[9]     *See* 56.1 Statement ¶ 5.

3

requirements for PSP eligibility.[10]  The notice explained that:

> To qualify for this benefit, unmarried participants must complete the enclosed Beneficiary Designation Form and return it to the Plan Office . . . *[I]f you're unmarried and no beneficiary is designated, no [PSP] benefit will be payable.* For this reason, it's important for participants to keep their beneficiary designations updated with the Plan's office.[11]

The notice itself bore a "large, highlighted portion in the upper-right corner of the first page, stating '**Please review enclosed form immediately.**'"[12]  The enclosed form reiterated that "[i]f you do not designate a beneficiary . . .  no death benefit will be paid."[13]

In November 2002, the Plan issued the same notice and enclosure to all unmarried Plan participants who had not yet designated a beneficiary.[14] Information regarding the PSP benefit and the corresponding designation-of-beneficiary requirement also appeared in the Fall 2002, Fall 2003, Winter 2005 and Summer 2007 editions of The Pension Planner, a newsletter distributed by the Plan

---

[10]     *Id.* ¶¶ 10-13.

[11]     *Id.* ¶ 11 (emphasis in original). The "SPD also describes the [PSP's] designation-of-beneficary requirement in virtually identical terms." *Id.* ¶ 16.

[12]     *Id.* ¶ 12.

[13]     *Id.* ¶ 14.

[14]     *See id.* ¶ 15.

to all participants.[15]  Plan records indicate that Decedent was part of the mailing

matrix used to send all of the mailings and newsletters.[16]

### B.    Curtis Tanniehill

Plaintiff's brother, Curtis Tanniehill, was a participant in the Plan

until he died on February 22, 2008.[17]  He had never married and had no children.[18]

In March of 2009, plaintiff contacted the Plan to request any benefits payable upon

her brother's death.[19]  Because Plan records indicated that her brother had failed to

designate a beneficiary, the Plan determined that he was not eligible for a PSP

benefit and denied plaintiff's request in April 2009.[20]  Plaintiff appealed the

decision, arguing that "[i]t [was] inconceivable that Mr. Tanniehill, given the

opportunity, would not provide for his family in the event of his death."[21]  After the

Trustees issued a final decision denying plaintiff any benefits under the Plan, she

filed the instant lawsuit, seeking payment of the PSP benefit and/or documents

---

[15]     *See id.* ¶¶ 17-18.

[16]     *See id.* ¶¶ 18-19.

[17]     *See id.* ¶ 26.

[18]     *See id.* ¶¶ 21-22.

[19]     *See id.* ¶ 23.

[20]     *See id.* ¶¶ 24-25.

[21]     *Id.* ¶ 28.

5

showing that the Decedent did not designate a beneficiary.[22]

## III.   LEGAL STANDARD

### A.    Motion to Dismiss

On a motion to dismiss under Rule 12(b)(6) of the Federal Rules of

Civil Procedure, the court must "accept as true all of the factual allegations

contained in the complaint"[23] and "draw all reasonable inferences in plaintiff's

favor."[24]  On the other hand, "threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice."[25]  To survive a

motion to dismiss, therefore, the allegations in the complaint must meet a standard

of "plausibility."[26]  A claim is facially plausible "when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged."[27]  Plausibility "is not akin to a probability

---

[22]    *See* Compl. ¶¶ 1-2.  Apparently incredulous that her brother would neglect to register for a PSP benefit, plaintiff's interest in the documents appears to be grounded in a conviction that the Plan violated its disclosure requirements by failing to send Decedent information pertaining to this option.  *See id.* ¶ 1.

[23]    *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007).

[24]    *Ofori-Tenkorang v. American Int'l Group, Inc.*, 460 F.3d 296, 298 (2d Cir. 2006).

[25]    *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

[26]    *Twombly*, 550 U.S. at 564.

[27]    *Iqbal*, 129 S. Ct. at 1949 (quotation marks omitted).

requirement," rather, plausibility requires "more than a sheer possibility that a defendant has acted unlawfully."[28]

When deciding a motion to dismiss under Rule 12(b)(6), the court is normally required to consider only the allegations on the face of the complaint. Even so, "[d]ocuments that are attached to the [complaint] or incorporated in it by reference are deemed part of the pleading and may be considered."[29]  The court is only allowed to consider documents outside the [complaint] if the documents are integral to the pleading or subject to judicial notice.[30]

### B.    Summary Judgment

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[31]  "'An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  A fact is material if it might affect the outcome of the suit under

---

[28]     *Id.* (quotation marks omitted).

[29]     *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007).

[30]     *See Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 156 (2d Cir. 2006).

[31]     Fed. R. Civ. P. 56(c)(2).

the governing law.'"[32]  "[T]he burden of demonstrating that no material fact exists

lies with the moving party . . . ."[33]

When the burden of proof at trial would fall on the nonmoving party,

it ordinarily is sufficient for the movant to point to a lack of evidence to go to the

trier of fact on an essential element of the nonmovant's claim."[34]  To do so, the

non-moving party must do more than show that there is "'some metaphysical doubt

as to the material facts,'"[35] and it "'may not rely on conclusory allegations or

unsubstantiated speculation.'"[36]  However, "'all that is required [from a non-

moving party] is that sufficient evidence supporting the claimed factual dispute be

shown to require a jury or judge to resolve the parties' differing versions of the

truth at trial.'"[37]

---

[32]     *SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009) (quoting *Roe v. City of Waterbury*, 542 F.3d 31, 34 (2d Cir. 2008)).

[33]     *Miner v. Clinton County, N.Y.*, 541 F.3d 464, 471 (2d Cir. 2008) (citing *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007)).

[34]     *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008).

[35]     *Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007) (quoting *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

[36]     *Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005) (quoting *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001)).

[37]     *Kessler v. Westchester County Dep't of Soc. Servs.*, 461 F.3d 199, 206 (2d Cir. 2006) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986)).

In determining whether a genuine issue of material fact exists, the court must "constru[e] the evidence in the light most favorable to the non-moving party and draw all reasonable inferences" in that party's favor.[38] However, "'only admissible evidence need be considered by the trial court in ruling on a motion for summary judgment.'"[39] "Credibility assessments, choices between conflicting versions of the events, and the weighing of evidence are matters for the jury, not for the court on a motion for summary judgment.'"[40]

## C. ERISA

ERISA section 3(8) defines "beneficiary" as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder."[41] With regard to notice and disclosure requirements, ERISA section 502(a) provides that a beneficiary may file the same civil action as a participant for an administrator's refusal to supply requested

---

[38] *Sledge v. Kooi*, 564 F.3d 105, 108 (2d Cir. 2009) (citing *Anderson*, 477 U.S. at 247-50, 255).

[39] *Presbyterian Church of Sudan v. Talisman Energy, Inc.*, 582 F.3d 244, 264 (2d Cir. 2009) (quoting *Raskin v. Wyatt Co.*, 125 F.3d 55, 65 (2d Cir. 1997)).

[40] *McClellan v. Smith*, 439 F.3d 137, 144 (2d Cir. 2006) (quoting *Fischl v. Armitage*, 128 F.3d 50, 55 (2d Cir. 1997)). *Accord Anderson*, 477 U.S. at 249.

[41] 29 U.S.C. § 1002(8).

9

information.[42]

ERISA allows a person denied benefits under an employee benefit plan to contest that denial in court.[43]  But when the plan grants an administrator sole discretion to determine eligibility for benefits, the reviewing court must apply a deferential standard.[44]  The Second Circuit Court of Appeals has held that "[u]nder the deferential standard, a court may not overturn the administrator's denial of benefits unless its actions are found to be arbitrary and capricious, meaning without reason, unsupported by substantial evidence or erroneous as a matter of law."[45]

## IV.   DISCUSSION

The uncontested facts indicate that Decedent did not complete the requisite paperwork to designate a beneficiary, and was thus ineligible for a PSP benefit under the express terms of the Plan.  Plaintiff cannot prevail on her claim for documents pertaining to Decedent's failure to designate a beneficiary because the Plan cannot produce materials that were never submitted and which do not

---

[42]     *See id.* § 1132(a)(1)(A).

[43]     *See id.*; *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008).

[44]     *See Glenn*, 128 S.Ct. at 2348.

[45]     *McCauley v. First Unum Life Ins. Co.*, 551 F.3d 126, 132-33 (2d Cir. 2008) (internal quotation marks omitted).

10

appear to exist.  The Plan requires its participants to *affirmatively* select a

beneficiary to receive a PSP benefit.  Accordingly, where no beneficiary is

designated, no paperwork is created and none can be produced.  Similarly, plaintiff

is not entitled to payment of her deceased brother's preretirement death benefit

because ERISA imposes a duty on Trustees to comply with Plan provisions.[46]  The

Plan terms expressly provide that "if the Participant did not designate a

beneficiary, and . . . the Participant is not survived by a spouse, then no benefit

shall be payable upon the Participant's death."[47]  Moreover, because Plan trustees

are vested with discretionary authority to determine eligibility for benefits, their

denial of plaintiff's claim can only be overturned if their actions are found to be

arbitrary and capricious.[48]  Because the trustees complied with the clear dictates of

the Plan in denying plaintiff benefits, the trustees cannot have acted "without

reason" or contrary to the law, and their decision cannot be reversed by this

Court.[49]

---

[46]    *See* 29 U.S.C. § 1104(a)(1)(D) (imposing a duty to act "in accordance with the documents and instruments governing the plan . . . ").

[47]    56.1 Statement ¶ 9.

[48]    *See McCauley*, 551 F.3d at 132 (setting forth the standard of review for an administrator's denial of benefits).

[49]    *Id.*

## V.    CONCLUSION

For the forgoing reasons, defendant's motion to dismiss or, in the alternative, for summary judgment is granted.  The Clerk is directed to close this motion [Docket No. 11] and this case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:        New York, New York
              December 20, 2010

12

## - Appearances -

**Plaintiff (Pro Se) :**

Jessica Tanniehill
1609 Walden Street
Teaneck, NJ 07666
(201) 654-2937

**For Defendant:**

Neal S. Schelberg, Esq.
Proskauer Rose LLP
1585 Broadway
New York, NY 10036
(212) 969-3085

Charles F. Seemann III, Esq.
Kara L. Lincoln, Esq.
Proskauer Rose LLP
650 Poydras Street, Suite 1800
New Orleans, LA 70130
(504) 310-4088

Albert Kalter, Esq.
Albert Kalter, P.C.
225 Broadway, Suite 1806
New York, NY 10007
(212) 964-5485